RECEIVED
IN ALEXANDRIA, LA.

DEC 2 1 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

---

EVANSTON INSURANCE CO.                                CIVIL ACTION NO. 09-642

VERSUS                                                          JUDGE TRIMBLE

TSR, INC. d/b/a OL' MAN TREESTANDS,
EDWARD GILL, individually and as administrator
of the estate of minor child, HARLEY GILL,
DARLA GILL, individually, DANIEL BEDGOOD
and MARILYN BEDGOOD, and LARRY DRURY
and OCIE DRURY                                        MAGISTRATE JUDGE KIRK

---

## MEMORANDUM RULING

Before the court are three (3) motions to dismiss, transfer or stay filed by defendants Edward and Darla Gill,[1] TSR, Inc. ("TSR"),[2] Daniel and Marilyn Bedgood and Larry and Ocie Drurey.[3] For the reasons expressed below, the court finds that these motions should be DENIED as to all requested reliefs.

I.   BACKGROUND

   A.   Relevant Facts

Plaintiff Evanston Insurance Company ("Evanston") issued a general liability insurance

---

[1]R. 10.

[2]R. 12.

[3]R. 16.

policy[4] to TSR, effective March 24, 2008 to March 24, 2009 with a retroactive date of May 24, 2006.[5] TSR is a designer and manufacturer of treestands sold as "Ol'Man Treestands" and used primarily by hunters.[6] The policy contains a Prior Recall Exclusion Endorsement which excludes from coverage any claim

> based upon or arising out of the past product recall involving disfunction of the locking pins in the treestands for products sold from August 2006 through January 2007.[7]

Evanston asserts that this endorsement was included in the policy after TSR disclosed that, prior to applying for coverage, it issued a voluntary recall of certain locking pins used in its treestands.[8] Daniel Bedgood, Marilyn Bedgood, Larry Drurey and Ocie Drurey filed suit against TSR in November 2008 in this federal district court ("Bedgood suit") and their claims are currently pending before the undersigned.[9] The Bedgood suit alleges that sole defendant TSR, as designer and manufacturer of the treestands at issue, is liable for injuries sustained by Larry Drurey and Daniel Bedgood allegedly caused by malfunctioning locking pins under the Louisiana Products Liability Act ("LPLA").

---

[4] Policy No. SP-835988 [R. 18 at p. 2]. A copy of the policy is attached as "Exhibit A" to TSR's motion at R. 12-4.

[5] R. 12-4 at p. 9.

[6] Application for insurance [R. 12-4 at pp. 38-40].

[7] Endorsement No. 4 [R. 12-4 at p. 15].

[8] The parties have not disclosed the specific details of the recall as of the date of issuance of this ruling, but the court does not find these details necessary for determination of the issues now before us.

[9] Civil Action No. 08-1726.

2

Edward and Darla Gill filed suit against the seller of the treestand and TSR in the Thirtieth Judicial District Court for the Parish of Vernon, Louisiana ("Gill suit"), asserting similar claims based on injuries allegedly caused by defective locking pins in a TSR treestand.[10]  Evanston is not a named defendant in either of these products liability cases.

TSR made a claim on the Evanston policy for defense and indemnity as to these and other products liability suits filed in Alabama and Mississippi federal courts.  Evanston is now providing defense to TSR under a reservation of rights letter based on the Prior Recall Exclusion Endorsement and has now instituted three declaratory actions: one in Alabama, one in Mississippi and the one now before this court. Evanston asks this court to determine its obligations regarding defense and indemnity to TSR under the general liability policy at issue.

The Gills, Bedgoods and TSR have each filed motions asking the court to dismiss Evanston's declaratory action.  We examine them below.

**B.      Applicable Standard**

The Declaratory Judgment Act[11] provides, in part, that, subject to certain exceptions,

> Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[12]

---

[10]Suit No. 79751.  A copy of the complaint is attached as "Exhibit A" to the Gills' motion to dismiss [R. 10].

[11]28 U.S.C. §§ 2201 - 2202.

[12]Id. at § 2201(a).

Thus, whether or not to grant declaratory relief lies within the "unique and substantial discretion" of the district court.[13] The court's discretion, while broad, is not infinite.[14] As such, the court abuses its discretion "unless [it] addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record."[15] Specifically, the court must consider the following factors:

(1) whether there is a pending state action in which all of the matters in controversy might be fully litigated.;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[16]

As the party advocating federal jurisdiction, Evanston bears the burden of proof as to these

---

[13] Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

[14] Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc., 996 F.2d 774, 778 (5th Cir. 1993).

[15] Id.; Rowan Companies, Inc. v. Griffin, 876 F.2d 26 (5th Cir. 1989).

[16] Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942); St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994).

elements.[17]

## II. ANALYSIS

### A. The Gill Motion[18]

Defendants Edward Gill[19] and Darla Gill ("Gills") filed a motion, now before this court, urging the court to dismiss or, alternatively, transfer or stay Evanston's declaratory relief action on the basis that complete diversity does not exist as among the parties. The Gills point out that their suit, filed in the Thirtieth Judicial District Court, names James McKee d/b/a Star Gun, Archery and Computer ("Star Gun"), as a defendant and that, because Star Gun is a Louisiana business and the Gills are Louisiana residents, Evanston's action belongs in state court.[20]

As pointed out by Evanston's opposition brief,[21] these defendants appear to misapprehend the nature of Evanston's requested relief. Evanston names the Gills and TSR as defendants, but does not include Star Gun. The Gills appear to argue that Star Gun has been excluded from the list of defendants to Evanston's declaratory action in order to manufacture diversity jurisdiction.[22]

We find the Gills' argument to be without merit. Star Gun is not a plaintiff against TSR in any known products liability action. As such, Star Gun is not a potential plaintiff as to Evanston pursuant to the Louisiana Direct Action Statute, which authorizes an injured party to assert claims

---

[17]Ramming v. United States, 281 F.3d 158 (5th Cir. 2001).

[18]R. 10.

[19]Individually and as administrator of estate of minor child Harley Gill.

[20]R. 10 at p. 1.

[21]R. 14.

[22]R. 10 at pp. 1-2.

directly against a tortfeasor's insurer if, <u>inter alia</u>, the accident occurred in Louisiana.[23] Thus, the court senses no ill motive in Evanston's exclusion of Star Gun from the instant suit. Moreover, were we to find that Star Gun is an indispensable party for purposes of adjudicating declaratory relief, its inclusion would not destroy diversity. Evanston is an Illinois corporation. Neither Star Gun, nor any named defendant is domiciled in Illinois such as would destroy complete diversity jurisdiction.[24]

The Gill motion alternatively requests that Evanston's declaratory judgment action be stayed pending adjudication of the Gill suit now pending in Louisiana's Thirtieth Judicial District Court. The court does not find, nor has the Gill motion asserted, any compelling reason for the issuance of a stay in these proceedings and finds, instead, that a timely answer to the question of whether or not TSR has the right to defense and indemnity from Evanston in the Gill and Bedgood suits best serves judicial economy.

The court also finds that transfer of Evanston's suit for declaratory relief is inappropriate, given that Evanston's motive is to determine its obligations not only to TSR, but also to the Gills, Bedgoods and Drureys, who each possess the right of direct action under Louisiana law. The Gill motion fails to demonstrate that a judgment by the Alabama court would prevent future direct action by these individual plaintiffs. Moreover, while the motion asserts the inconvenience of this federal forum, it fails to offer any facts in support of the same. The court notes that the Gills reside in Vernon Parish, a reasonably short distance from Monroe, Louisiana. This argument is without merit.

---

[23] La. R.S. 22:1269.

[24] <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523 (1967) (diversity jurisdiction encompasses cases in which any two adverse parties are not citizens of the same state); <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806) (complete diversity exists where no plaintiff and defendant are citizens of the same state).

6

For these reasons, the court finds that the Gill motion should be denied.

**B.     The TSR Motion**[25]

TSR's motion asserts that dismissal of Evanston's declaratory action is appropriate because the Alabama state court, in which TSR filed its first declaratory action, will address the issue of Evanston's obligations under the insurance policy.[26] TSR further asserts that this district court is an inconvenient forum for TSR, given its location in Florida.[27] Finally, TSR asserts that Evanston has engaged in impermissible forum shopping which should be discouraged by dismissal.[28] In the alternative, TSR requests a stay of these proceedings until such time as the Alabama court has ruled on Evanston's first declaratory action or a transfer of this case to either the U.S. District Court for the Southern District of Alabama or the U.S. District Court for the Northern District of Florida.[29]

These arguments require that we weigh the seven (7) factors discussed above. First, we consider, as argued by TSR, whether or not there is a pending state court action in which all the matters at issue will be fully litigated. In assessing this first factor, a court should consider "the scope of the pending state court proceeding and the nature of defenses open there," as well as "whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding..."[30]

---

[25] R. 12.

[26] R. 12-1 at p. 2.

[27] TSR is a Florida corporation with its principle place of business in Jay, Florida.

[28] R. 12-2 at p. 3.

[29] Id. at p. 4.

[30] Brillhart, 316 U.S. 491, 495 (1942).

Evanston denies that the Alabama court can adjudicate the coverage issue as to the Louisiana defendants, as they are not parties to the Alabama declaratory action and that court would likely not have personal jurisdiction over them.[31] Evanston also points out that, given the availability of direct action by the Louisiana defendants under Louisiana law, a coverage adjudication by the Alabama court would not foreclose the possibility of future direct actions against it by these defendants.[32]

Having reviewed Evanston's Alabama state court complaint, it is clear that the relief sought in that first declaratory action is identical to that sought in this forum. An adjudication of the extent of Evanston's obligations under the policy at issue would likely require the application of Florida insurance and contract law. In this way, the claims are no different. However, as pointed out by Evanston, none of the individual defendants to this action are parties to the pending Alabama state court suit and there is no evidence before this court which would support a finding that the Alabama state court possesses requisite jurisdiction over the Gills, Bedgoods and Drureys such that a judgment by that court would foreclose future direct action against Evanston by these individual plaintiffs. In this way, we find that the pending Alabama suit will not fully adjudicate all matters in controversy.[33]

Evanston admits that it filed this declaratory action in anticipation of future direct action by the Gills, Bedgoods and Drureys. TSR asserts that this factor weighs in favor of dismissal. The court disagrees. Given the availability of direct action against it, Evanston's suit fits the purpose of

---

[31] R. 18 at p. 5.

[32] Id.

[33] Brillhart, 316 U.S. at 495 (1942); Sherwin-Williams Co. v. Holmes County, 343 F.3d 383 (5th Cir. 2003).

8

the Declaratory Judgment Act: to offer an opportunity for relief to a party threatened with liability without requiring that an action be instituted against that party as a prerequisite for relief.[34]

We similarly reject TSR's assertion that Evanston engaged in forum shopping when it filed three declaratory judgment actions in three separate courts. As discussed above, any adjudication of Evanston's obligations under the policy must be applicable to potential direct action claimants and it appears that Evanston filed a direct action in each jurisdiction where suits against TSR were already pending. Thus, in the court's view, the existing products liability claims against TSR created a reasonable basis for these declaratory filings.

TSR has not demonstrated any inequities which would arise from allowing Evanston's anticipatory suit to proceed. Likewise, we find no evidence that this court is an inconvenient forum. Although TSR is located in Florida, we do not find that, as a designer and manufacturer of goods sold in Louisiana, it has demonstrated that the burden attendant to answering Evanston's suit is undue.

The court also finds, as above, that allowing this declaratory action to proceed in this court best serves judicial economy when compared with the three (3) potential direct actions which may name Evanston as a defendant, were its obligations under the policy still in question.[35]

Finally, the court notes that it is not being called upon to construe a state court decree issued in the parallel state court proceeding. Evanston's suit asks for interpretation of a policy of insurance under applicable Florida law. No suit is pending in a Florida court and, thus, no court among the

---

[34] Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 391 (5th Cir. 2003); Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989) (quoting Government Employees Ins. Co. v. LeBleu, 272 F.Supp. 421, 427 (E.D.La. 1967)).

[35] Id.

Louisiana, Mississippi and Alabama courts currently engaged is more or less able than this court to apply Florida law on the merits of Evanston's claims.

Accordingly, the court finds that the evidence does not suggest dismissal. We find, instead, that plaintiff's choice of forum is logical given the pending products liability actions against TSR in Louisiana courts and the jurisdictional ramifications of any potential judgment by the Alabama Circuit Court.

TSR's motion will be denied.

### C.   Bedgood Motion[36]

The third motion before the court was filed jointly by the Bedgood and Drurey defendants[37] and request, as those before it, dismissal or, alternatively, a stay of these proceedings. The arguments made in the Bedgood motion are identical to those advanced by TSR. Accordingly, for the reasons assigned above, the Bedgood motion will be denied.

### III.   CONCLUSION

Whether or not to exercise jurisdiction over a declaratory action is a matter lying within the court's discretion. Having considered the seven (7) factors required by applicable jurisprudence, the court finds that no evidence before us weighs in favor of dismissal. The unique facts and circumstances of the pending products liability claims in this court and the Thirtieth Judicial District Court in Vernon Parish create a reasonable basis for the filing of this second declaratory action in

---

[36] R. 16.

[37] The court notes that the Bedgoods are residents of Madison Parish, Louisiana and the Drureys are residents of West Carroll Parish, Louisiana. Given the proximity of these defendants to this court, we find, as with the other defendants, that this court is an adequately convenient forum. Additionally, we find no evidence that the Alabama state court or the Mississippi federal court would be more convenient for these defendants.

addition to the first-filed action in the Alabama Circuit Court. We find no cause why Evanston should be forced to defend as many as three (3) potential suits against it under Louisiana's Direct Action statute when this single declaratory action will suffice to resolve the parameters of its obligations under the insurance policy issued to TSR. Such a result favors piecemeal litigation of claims and is adverse to judicial economy. Additionally, we do not find that this forum creates an undue burden or conveys an unreasonable advantage to Evanston.

Given these findings, the court will issue an order denying all three motions to dismiss, stay or transfer in their entirety.

**Alexandria, Louisiana**
**December 21, 2009**

/s/ James Trimble
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE